NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

PAUL JOHN GAZELEY, *Petitioner/Appellee,*

*v.*

DENA CHRISTINE LARSEN-GAZELEY, *Respondent/Appellant.*

No. 1 CA-CV 13-0468
FILED 07-29-2014

Appeal from the Superior Court in Maricopa County
No. FC2011-094127
The Honorable Boyd W. Dunn, Judge

**AFFIRMED**

COUNSEL

Curry, Pearson & Wooten, PLC, Phoenix
By Kelly Mendoza
*Counsel for Respondent/Appellant*

Paul Gazeley, Gilbert
*Petitioner/Appellee*

_____

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Andrew W. Gould joined.

_____

**P O R T L E Y**, Judge:

**¶1**         Dena Christine Larsen-Gazeley ("Wife") appeals the spousal maintenance provision in the dissolution decree.  She argues that the family court awarded her insufficient spousal maintenance.  She also contends that the court erred by denying her claim for community waste and her request for attorneys' fees.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Paul John Gazeley ("Husband") and Wife were married on July 31, 1999, and have four minor children, born between 2001 and 2008. After twelve years of marriage, Husband filed a petition for dissolution. After a bench trial, the court divorced the parties and signed a divorce decree that ordered: (1) Husband to pay Wife $3000 per month in spousal maintenance for fifty-four months; (2) Husband to pay monthly child support of $1301.63, as well as the medical insurance premiums for the children and seventy-five percent of the children's medical and dental expenses not covered by insurance; and (3) the division of the community property between the parties.

**¶3**         Wife filed this appeal.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[1]

## DISCUSSION

I.    **Spousal Maintenance**

**¶4**         Wife contends that the spousal maintenance award is insufficient to meet her basic living expenses.  She argues that the court failed to adequately consider and weigh three statutory factors:    the

_____

[1] We cite the current version of all applicable statutes, unless otherwise noted.

standard of living during the marriage, Husband's ability to meet his needs while meeting her needs, and Wife's ability to meet her own needs independently. *See* A.R.S. § 25-319(B)(1), (4), and (9).

¶5        The purpose of a spousal maintenance award is "to achieve independence for both parties and to require an effort toward independence by the party requesting maintenance." *Schroeder v. Schroeder*, 161 Ariz. 316, 321, 778 P.2d 1212, 1217 (1989). In determining the appropriate amount and duration of spousal maintenance, the family court must consider all relevant statutory factors in § 25-319(B). We thus review an award of spousal maintenance for an abuse of discretion. *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9, 166 P.3d 929, 931 (App. 2007). We view the evidence in the light most favorable to affirming the court's decision and will affirm if any reasonable evidence supports its decision. *Id.* We will not substitute our opinion for that of the family court unless there has been a clear abuse of discretion. *Deatherage v. Deatherage*, 140 Ariz. 317, 319, 681 P.2d 469, 471 (App. 1984).

A.

¶6        Wife argues that the family court did not adequately consider the marital standard of living and, as a result, awarded her less than her living expenses. We disagree.

¶7        In making a spousal maintenance decision, § 25-319(B)(1) requires the court to consider the standard of living during the marriage. The standard of living factor, however, is only one of thirteen factors the court must consider in light of the circumstances presented when determining the amount and duration of an award of spousal maintenance. A.R.S. § 25-319(B). The statute does not give priority to this factor over any other, nor does it guarantee any particular standard of living to either spouse. To the contrary, and as we have said on another occasion, "divorce often requires a lesser standard of living for both parties." *Rainwater v. Rainwater*, 177 Ariz. 500, 504, 869 P.2d 176, 180 (App. 1993).

¶8        Wife contends that the court failed to consider that Husband earned more than $170,000 annually, they enjoyed a comfortable lifestyle, and they accumulated no debt. The court, however, made specific findings about the parties' standard of living, which are consistent with Wife's description. As a result, despite her argument that the findings required the court to award her a higher amount of spousal maintenance, the family court had to decide how the martial standard of living was to

be weighed. *Kelsey v. Kelsey*, 186 Ariz. 49, 53, 918 P.2d 1067, 1071 (App. 1996). Accordingly, we do not reweigh the findings and do not find that the court abused its discretion by not considering the standard of living as the sole or primary factor in making its spousal maintenance award.

## B.

**¶9** Wife next contends that the monthly spousal maintenance award was less than what she claimed as her reasonable living expenses. Wife claimed living expenses for herself and the children of $5653, but the court only awarded her spousal maintenance and child support totaling $4301.63. However, because the goal of spousal support is "to achieve independence for both parties and to require an effort toward independence by the party requesting maintenance," *Schroeder*, 161 Ariz. at 321, 778 P.2d at 1217, the family court did not abuse its discretion by awarding Wife less spousal maintenance than she claimed for living expenses. The fact that she may have to make an effort towards her independence is not an abuse of discretion.

## C.

**¶10** Wife also argues that the court did not properly consider Husband's ability to meet his and her financial needs in calculating the maintenance award. *See* A.R.S. § 25-319(B)(4). She contends that the court did not consider the quarterly bonuses Husband regularly earned, which brought his annual salary to approximately $196,000. The decree, however, clearly recognized that Husband received bonuses by noting that Husband earned "$195,108 annually or $16,259 gross income per month." Because it is clear that the court considered Husband's earnings, including his bonuses, and the "evidence is presumed to have been fully considered by the court prior to issuing its decision," *Fuentes v. Fuentes*, 209 Ariz. 51, 55, ¶ 18, 97 P.3d 876, 880 (App. 2004), we find no error.

## D.

**¶11** Wife further argues that the court erred in finding that Husband's monthly expenses totaled approximately $7000 per month. Although the source of the $7000 figure is unclear, because "[w]e presume that evidence in the record supports the court's decision even if it is not specifically detailed in the minute entry," we find no error. *See Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 11, 160 P.3d 231, 233 (App. 2007).

**¶12** Here, Husband asserted household and child care expenses of $8706 per month in his pretrial position statement. In his affidavit of

financial information, he claimed household costs and expenses related to the children of $9565 per month. The court found Husband's expenses to "total approximately $7,000.00 per month," a figure less than he claimed. Wife now objects to Husband's inclusion of expenses for child care, expenses paid by Husband's girlfriend, and the one-time debt owed to their daughter's therapist. However, because the family court was in the best position to weigh the evidence and resolve any conflict between the evidence, the court did not abuse its discretion by considering all of the information and then determining an amount for Husband's living expenses. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4, 53 P.3d 203, 205 (App. 2002).

¶13        Wife also argues that the $4000 in temporary family support Husband was ordered to pay pending trial should not have been included in a calculation of Husband's monthly expenses for his needs. The spousal maintenance statute, however, requires the court to consider the ability of the spouse from whom maintenance is sought to meet his needs "while meeting those of the spouse seeking maintenance." A.R.S. § 25-319(B)(4). Under the statute, the amount to be paid to the spouse seeking maintenance must be accounted for in determining whether the spouse providing the maintenance can meet his or her own needs. Thus, the amount Husband paid as support, temporary or after the entry of the decree, was properly considered by the family court. Accordingly, we find no error.

E.

¶14        Wife argues that the court failed to consider her ability to meet her own needs independently. We disagree.

¶15        Wife argues that she is unable to earn an income to independently support her needs and that if she were to re-enter the workforce, her child care expenses would outweigh the benefit of any potential income. Here, the court agreed that Wife could not currently earn sufficient income to meet her needs and awarded her spousal maintenance. The court, however, did not find that Wife was not employable. The record demonstrates that Wife was forty-two years old at trial, had a college degree, and earned approximately $5500 per month as a spa director before having children. Although Wife may not be able to earn her former salary without some additional training, the record does not support a conclusion that she is incapable of earning any income. Rather, the record suggests that Wife is capable of working to contribute to her own maintenance.

¶16         In addition, the court knew that the youngest child had one more year of preschool, and then all of the children would be in school. With all the children in school, Wife would have some flexibility to balance employment with child care services or other arrangements she believed necessary. According, we find that the court did not abuse its discretion in making the spousal maintenance award.

II.     **Community Waste**

¶17         Wife also argues that the court wrongly denied her claim for community waste. We review the court's ruling for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346-47, ¶¶ 5, 8, 972 P.2d 676, 679-80 (App. 1998). We view the evidence in the light most favorable to upholding the court's ruling. *Id*. at 346, ¶ 5, 972 P.2d at 679. The court may consider excessive or abnormal expenditures by a spouse when dividing community property. A.R.S. § 25-318(C). The spouse alleging abnormal or excessive expenditures by the other spouse has the burden of making a prima facie showing of waste, after which the spouse accused of waste must present evidence to rebut the accusation. *Gutierrez*, 193 Ariz. at 346-47, ¶ 7, 972 P.2d at 679-80.

¶18         At trial, Wife presented an exhibit consisting of a compilation of expenditures from a checking account, including ATM withdrawals, a PayPal account, and several credit cards. The exhibit showed numerous transactions occurring between June 2010 and March 2012, for a total amount of $92,559.04. Wife testified that she and Husband had previously put all expenses on credit cards and then paid those cards off every month. She testified that she would not have withdrawn funds because she used credit cards and did not keep cash. She further testified that the charges listed were for places and restaurants she had never visited and for items she never received. She asserted that, because Husband was having an affair during the period the charges were made, the list of expenditures documented the affair.

¶19         Husband denied he committed any waste and testified that some of the expenditures Wife claimed to be waste were expenses for taking a client to lunch, Wife's Lasik surgery, a Christmas present for Wife, and business travel. Husband asserted that the expenditures were similar to expenditures in prior years and showed typical spending habits. Husband also produced evidence that some of the charges Wife claimed as unexplained waste were business expenses while traveling as reflected in expense reports. Additionally, he produced evidence that several

checks listed by Wife were written to and cashed by Wife and another expenditure was for payment of the property taxes on the marital home.

¶20 Wife claims that this case is similar to that in *Gutierrez*, 193 Ariz. 343, 972 P.2d 676. There, husband withdrew $62,000 from a community retirement account, transferred the funds into a separate account in his own name, and then spent the money. *Id.* at 346, ¶ 3, 972 P.2d at 679. Husband claimed the withdrawal was with wife's consent and that they both spent the funds; wife claimed it was entirely within husband's control. *Id.* The trial court believed wife. *Id*. at ¶ 4. The appellate court affirmed that wife had made a prima facie showing of abnormal or excessive expenditures because husband had withdrawn a large sum of money from a retirement account without wife's knowledge and spent it in a manner unknown to her. *Id*. at ¶ 6.

¶21 Unlike *Gutierrez*, Wife does not assert that Husband has made one large withdrawal from a retirement or other special account, which could represent an abnormal transaction. Wife instead complains of numerous transactions using the couple's checking account and credit cards. The number of the transactions, however, did not suggest to the court that the transactions were anything other than normal living expenditures. Wife's inability to identify the nature of the transactions does not establish that the transactions constituted waste; her claim, given the evidence, is speculative. She did not demonstrate that the use of the credit cards or the checking account was abnormal or excessive. The court, as a result, did not abuse its discretion in concluding that Wife did not make a prima facie case for waste.

III.    **Attorneys' Fees**

¶22 Wife also argues that the court erred in denying her request for attorneys' fees. The court has discretion to award attorneys' fees in a divorce action under A.R.S. § 25-324(A) and we will not disturb the decision absent an abuse of that discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36, 250 P.3d 1213, 1221 (App. 2011). In fact, "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, [the court] may order a party to pay a reasonable amount" of attorneys' fees to the other. A.R.S. § 25-324(A). The objective "is to provide a remedy for the party least able to pay." *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 524, ¶ 13, 169 P.3d 111, 114 (App. 2007) (quoting *In re Marriage of Zale*, 193 Ariz. 246, 251, ¶ 20, 972 P.2d 230, 235 (1999)) (internal quotation marks omitted).

¶23 Wife argues that the court erred by determining that there was no substantial disparity in financial resources between the parties. To be eligible for an award of fees based on financial resources, the party seeking the award must establish some level of financial disparity, but need not establish an inability to pay. *Magee v. Magee*, 206 Ariz. 589, 591, ¶ 12, 81 P.3d 1048, 1050 (App. 2004). Establishing a disparity makes one eligible for an award, but the court is allowed to exercise its discretion to determine if an award is appropriate. *Id.* at 593, ¶ 18, 81 P.3d at 1052.

¶24 Wife requested fees and costs in the amount of $65,232.86. She argues that a disparity existed in the financial resources of the parties based on Husband's income, Wife's inability to earn an income similar to her prior earnings, and investments and savings in Husband's name alone to which Wife had no access.

¶25 The dissolution decree divided the community investment and other financial accounts equally, and neither party identifies significant financial resources available to one party that are not available to the other. The only disparity is the monthly incomes. Husband earned $16,259 per month, while Wife received $4301.63 per month from spousal maintenance and child support.

¶26 Although Wife argues that the court erred by generally finding that neither party acted more unreasonably than the other during the course of the litigation, she did not ask the court to make specific findings about which positions the court found to be unreasonable. *See* A.R.S. § 25-324(A). Because neither party requested findings, we assume that the court found every fact necessary to support its decision and affirm if any reasonable construction of the evidence justifies the decision. *See Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13, 29 P.3d 870, 873 (App. 2001). The court is in the best position to observe and assess the conduct of the parties. *MacMillan*, 226 Ariz. at 592, ¶ 38, 250 P.3d at 1221.

¶27 Wife argues that Husband acted unreasonably, listing the following examples: (1) he refused to timely disclose financial information; (2) he made unfair accusations against Wife directly and through counsel; (3) he refused to cooperate in the appointment of a therapeutic interventionist for their daughter; (4) he refused to facilitate Wife's ability to negotiate with the lender to secure the marital residence by providing a power of attorney since the loan was in Husband's name alone; (5) he refused to effectively co-parent; and (6) he filed numerous frivolous motions.

¶28        Although Wife lists the examples, the family court had to consider the behavior of both parties during the course of the litigation. Even though neither party asked the court to make findings, the record supports the court's determination that Wife also acted unreasonably. For example, Wife refused to execute a release for her medical records even though she acknowledged that the information was relevant to parenting and custody matters. Additionally, she testified that she had no plans to work outside the home until her youngest child turned twelve years old, approximately nine years in the future. And, instead of seeking retraining in her former occupation or a related one, she planned to obtain a master's degree and then a doctorate in psychology before returning to the workforce.

¶29        The record contains evidence to justify the court's finding that both parties were unreasonable. Although we have found that the court erred in finding that there was no disparity of income, such a disparity does not itself entitle a party to an award of fees, but allows the court to exercise its discretion. We will not reweigh the family court's decision. Accordingly, we find no abuse of discretion in the court's denying Wife's request for attorneys' fees.

¶30        Wife has requested an award of attorneys' fees on appeal. Because she has not prevailed on appeal, and in our discretion, we deny the request.

## CONCLUSION

¶31        The family court's decision is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: gsh