81 P.3d 1048

**In re the Marriage of Martha Hale MAGEE, Petitioner–Appellee,**

v.

**Peter MAGEE, Respondent–Appellant.**

No. 1 CA–CV 03–0199.

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 8, 2004.

John Friedeman, P.C. By John Friedeman, Phoenix, Attorneys for Appellant.

Lynn M. Pearlstein, Ltd. By Lynn M. Pearlstein, Phoenix, Attorneys for Appellee.

**OPINION**

SULT, Judge.

¶ 1 Peter Magee, Husband, appeals from an order of the trial court requiring him to pay attorneys' fees incurred by his wife, Martha Magee, in post-decree proceedings in the parties' dissolution action. According to Husband, the award is not authorized under Arizona Revised Statutes ("A.R.S.") § 25–324 (2000) because Wife did not show that she was unable to pay her own fees, which Husband contends is the statutory predicate for consideration for an award. We disagree that A.R.S. § 25–324 requires a showing of actual inability to pay as a predicate for consideration, and we conclude that all a spouse need show is that a relative financial disparity in income and/or assets exists between the spouses. Because that disparity exists between these parties, the trial court properly found that Wife was eligible for consideration, and the court consequently

pate in the disposition of this appeal pursuant to Ariz. Const. art. VI, § 3 and A.R.S. §§ 12–145 through 147.

was authorized to determine whether, in the exercise of its discretion, an award should be made. Because the award actually made by the court was appropriate in the circumstances presented, we affirm.

## BACKGROUND

¶ 2 After Wife filed a petition to dissolve her marriage to Husband, the parties agreed to submit all issues to arbitration and the trial court assigned the case to an arbitrator. After considering the evidence, the arbitrator submitted recommended findings of fact and conclusions of law on all issues. The trial court adopted the arbitrator's findings and conclusions and entered a decree that included an award to Wife of $10,000 in attorneys' fees.

¶ 3 The parties thereafter filed several motions objecting to the terms of the decree. Following further proceedings, the arbitrator twice submitted amended findings and conclusions to the trial court. Among other modifications, the arbitrator proposed amending his original finding regarding a prenuptial agreement that had been entered into by the parties the day before their marriage. The arbitrator had initially determined that this agreement had expired during the third year of the marriage, but amended that determination to find that the agreement continued in force throughout the marriage. This amendment resulted in some assets being re-designated as Husband's separate property, which in turn resulted in a decrease in assets previously allocated to Wife.

¶ 4 The arbitrator also recommended that an additional award of attorneys' fees be made to Wife, and after considering Wife's application and Husband's opposition thereto, the arbitrator recommended Wife receive an additional $25,000 in attorneys' fees, finding as follows:

  a.  That Wife's attorney has submitted his Applications for Attorneys' Fees, Expert Witness Fees, and Costs and his Amended Application for Attorneys' Fees, and Costs in the amount of $89,145.59. That the amount requested was fair and reasonable.

  b.  That Husband's financial resources are substantially greater than Wife's, including property apportioned to him in this dissolution proceeding, as well as Husband's greater income earning capabilities.

  c.  That both parties have taken reasonable positions throughout these proceedings.

  d.  That it is appropriate for Husband to make an additional contribution toward Wife's costs, attorney fees, and expert witness fees in addition to the $10,000.00 previously awarded to Wife.

  e.  That an additional award of $25,000.00 is reasonable pursuant to A.R.S. Section 25–324.

¶ 5 The trial court entered a series of orders adopting the arbitrator's amended findings, ordering the original decree be amended *nunc pro tunc* to incorporate the changes, and awarding Wife an additional $25,000 in attorneys' fees.

## ISSUES

¶ 6 Husband's timely appeal raises two issues. The first is an issue of statutory interpretation, which we review independently. *State v. Christian*, 205 Ariz. 64, 66, ¶ 6, 66 P.3d 1241, 1243 (2003). Husband asserts that as a predicate to being considered for an award of fees under A.R.S. § 25–324, the statute requires that the applicant spouse show an actual inability to pay his or her own fees. Husband's second issue addresses the actual award of fees made by the arbitrator. Husband argues that the award was not made to compensate a qualified spouse but rather used as a tool to equalize the division of property. We review an award of fees to determine whether it constituted an abuse of discretion. *In re Marriage of Robinson and Thiel*, 201 Ariz. 328, 335, ¶ 20, 35 P.3d 89, 96 (App.2001).

## ANALYSIS

### Inability to Pay

¶ 7 A.R.S. § 25–324 provides in pertinent part:

The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter or chapter 4, article 1 of this title.

¶ 8 Relying just on the language of this statute, a reader would conclude that for the trial court to be authorized to consider an award of fees, it need compare only the financial resources of the parties.[1] Nothing in the text of A.R.S. § 25–324 suggests that the right to seek an award is limited to an applicant who is actually unable to pay his or her own fees.

¶ 9 Husband nevertheless asserts that his contention that actual inability to pay is a statutory prerequisite to consideration for an award is supported in the case law. In particular, he relies on *Matter of Gubser*, 126 Ariz. 303, 305, 614 P.2d 845, 847 (1980), in which the Arizona Supreme Court stated that A.R.S. § 25–324 "manifest[s] a policy of permitting a party with a legitimate claim or defense to maintain an action concerning the dissolution of marriage despite his or her limited financial means." On the basis of this language, Husband attributes to the court an intention to read into A.R.S. § 25–324 a requirement that an applicant must actually be unable to pay his or her own fees in order to be eligible for consideration for an award.

¶ 10 We acknowledge that this statement from *Gubser* is ambiguous and if viewed in isolation could lead one to conclude that A.R.S. § 25–324 is available only to poor litigants. However, *Gubser* does not specifically adopt such an interpretation, and we do not believe the legislature intended to so narrowly circumscribe the class of eligible applicants. Rather, we conclude the correct interpretation is that which is implicitly reflected in the approach taken by the many

other cases that have interpreted and applied A.R.S. § 25–324. These cases consistently address only whether a disparity exists between the parties' financial resources, and they do not also compare the resources of the party seeking an award to some fixed standard of impoverishment.

¶ 11 In *Countryman v. Countryman*, 135 Ariz. 110, 111, 659 P.2d 663, 664 (App.1983), for example, this court held that A.R.S. § 25–324 "focuses on the relative ability of the parties to pay for costs incurred in dissolution proceedings ... [and][t]he statute is designed to ensure that the poorer party has the proper means to litigate the action." In *Pearson v. Pearson*, 190 Ariz. 231, 236, 946 P.2d 1291, 1296 (App.1997), we upheld the trial court's denial of fees, noting that such a decision must "focus on the parties' relative abilities to pay the fees incurred...." In *Kelsey v. Kelsey*, 186 Ariz. 49, 54, 918 P.2d 1067, 1072 (App.1996), we performed a comparative examination of the parties' resources and concluded that a pre-decree disparity justified the trial court's award of fees but the lack of such disparity post-decree required that each party bear their own fees on appeal.

¶ 12 These cases demonstrate that eligibility for consideration for an award has consistently rested solely on a comparison of the parties' resources. To qualify for consideration, a spouse must establish only some level of financial disparity; *i.e.*, that he or she is financially *poorer* than the other spouse, not that he or she is actually *poor*. It is important that the cases describing eligible applicants as "least able to pay," possessing "fewer resources," or possessing "limited financial means," not be misinterpreted as requiring that the applicant be "unable to pay," possess "no resources," or have "no financial means." *See Gubser*, 126 Ariz. at 305, 614 P.2d at 847 (limited financial means); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 351, ¶ 33, 972 P.2d 676, 684 (App.1998) (least able to pay); *Countryman*, 135 Ariz. at 111, 659 P.2d at 664 (poorer). Rather, as in

---

1. In this opinion, the "reasonableness of the positions" provision of A.R.S. § 25–324 does not enter into our analysis. This provision is separate from the "financial resources" provision, and an applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award. *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶¶ 27–29, 5 P.3d 911, 917 (App.2000).

**592**

*Gore v. Gore,* 169 Ariz. 593, 596, 821 P.2d 254, 257 (App.1991), an award of fees can be appropriate simply because an income disparity exists, and it is not necessary to also inquire into whether the fee applicant is actually able to pay his or her own fees.

¶ 13 Our refusal to read an "actual inability to pay" requirement into A.R.S. § 25–324 is consistent with the purpose underlying the statute. The *Gubser* case, if read to avail the statute solely to persons of limited means, would too narrowly describe the statute's policy underpinnings. Other courts have discerned the broader rationale for the statute; namely, that requiring payment of fees by one spouse on behalf of the other is derived from and justified by the duty of support. *Bickel v. Bickel,* 17 Ariz.App. 29, 31, 495 P.2d 154, 156 (1972); *Johnson v. Johnson,* 22 Ariz. App. 69, 71, 523 P.2d 515, 517 (1974).[2] *See also Matter of Catlow,* 663 F.2d 960, 962–63 (9th Cir.1981) (an award of attorneys' fees in a dissolution action was nondischargeable under the bankruptcy code because the award fell into the same "support" category as spousal maintenance).

¶ 14 Recognizing that payment of attorneys' fees is an aspect of the support duty permits us to make this point: *every* spouse regardless of wealth owes a duty of support to his or her marital partner; thus, the eligibility of a spouse to enforce this duty has never been conditioned on that spouse first being found destitute. *See* A.R.S. § 25–319 (Supp.2003). Yet this condition is what Husband would require when the support category at issue is attorneys' fees. And Husband maintains this contention notwithstanding that he does not provide any cogent policy reason or applicable statutory language that would warrant this result.

¶ 15 Husband does argue that the case law applying A.R.S. § 25–324 supports him, but we disagree. We believe that Husband misconstrues these cases by relying upon selected passages without considering the context in which the particular court was speaking. For example, Husband places great emphasis upon *Robinson,* 201 Ariz. at 335, ¶ 22, 35

P.3d at 96, where Division Two of this court in affirming the trial court's denial of fees to the wife, stated:

> Although the record shows that David has considerably more assets than Angella, she had no debt and nearly $215,000 in assets at the time of the review hearing. Because Angella had sufficient assets to pay her attorney's fees ... the court did not abuse its discretion in ordering her to do so.

¶ 16 Admittedly a cursory reading of this statement could lead one to conclude that it countenances an actual inability to pay requirement. It is important to note, however, that the *Robinson* court was reviewing for an abuse of discretion, not establishing predicate statutory eligibility. *Id.* at 335, ¶ 29, 35 P.3d at 96. The court did not hold that wife's ability to pay disqualified her from being considered for an award. All the *Robinson* court implicitly, and correctly, held was that in considering the applicant spouse for an award, the trial court did not abuse its discretion by including as a relevant factor that the applicant was able to pay her own fees.

¶ 17 Put another way, a spouse's ability to pay cannot as a matter of statutory interpretation disqualify that spouse from being considered for an award of fees under A.R.S. § 25–324. Moreover, a court cannot under the guise of exercising discretion treat ability to pay as conclusive of the issue, because to do so accomplishes in practical effect what statutory interpretation cannot. However, ability to pay can be included as one of several relevant factors on which the trial court's exercise of its discretion must be based. When asked to make an award, the court is obligated to consider factors such as the degree of the resource disparity between the parties, the ratio of the fees owed to the assets and/or income of each party, and other similar matters that are fairly encompassed within the function of "considering the financial resources of both parties...." A.R.S. § 25–324. How ability to pay combines with

---

**2.** Although *Bickel* and *Johnson* were decided under the predecessor to A.R.S. § 25–324, the same

"support" notion clearly underlies both statutes.

these other factors, and whether and what kind of award should result, becomes a matter for the trial court's sound discretion.

¶ 18 By way of summary, we conclude that an applicant's inability to pay his or her own attorneys' fees is not a prerequisite to consideration for an award under A.R.S. § 25–324. Rather, relative financial disparity between the parties is the benchmark for eligibility. If the trial court finds such a disparity, it is then authorized to undertake its discretionary function of determining whether an award is appropriate. In doing so, the court can include in its consideration the fact that the applicant spouse has the ability to pay, but cannot grant or deny an award on this basis alone. Rather the court must consider all relevant factors.

### Justification for the Award

¶ 19 We next consider whether the additional attorneys' fees award was justified as a proper exercise of discretion. The arbitrator made findings consistent with the requirements of the statute when he concluded that "Husband's financial resources are substantially greater than Wife's, including property apportioned to him in this dissolution proceeding, as well as Husband's greater income earning capabilities." He also concluded that both parties had taken reasonable positions throughout the proceedings.

¶ 20 The arbitrator's findings established Wife's entitlement to fees under A.R.S. § 25–324. Husband does not argue that the findings constituted a factual abuse of discretion because he neither disputes that he has measurably greater earning capacity than Wife nor denies that he was apportioned more property in the dissolution. His only argument on this issue is that the arbitrator improperly used the additional attorneys'

fees award as a tool to better equalize the division of property.

¶ 21 At oral argument, Husband's counsel candidly admitted there was no direct evidence to support his contention. Counsel asserted, however, that a series of inferences beginning with the redistribution of property in Husband's favor following the amended finding regarding the prenuptial agreement's efficacy, and including the fact that Wife apparently had the ability to pay her own fees, could lead to that conclusion. In our opinion, however, Husband's suggested inferences are not reasonable and we reject this contention.

### CONCLUSION

¶ 22 We affirm the trial court's order requiring Husband to pay additional attorneys' fees to Wife in the amount of $25,000. Wife requests an award of attorneys' fees on appeal pursuant to A.R.S. § 25–324. The arbitrator's findings established that a financial disparity exists between the parties, and nothing we have decided on appeal changes this financial state of affairs. Taking into account all relevant factors, we determine in the exercise of our discretion that an award of fees on appeal is appropriate. We will award Wife her reasonable attorneys' fees upon her compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

CONCURRING: G. MURRAY SNOW and MAURICE PORTLEY, Judges.