NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JOHN ALAN GRIFFITHS, *Petitioner/Appellant*,

*v.*

MICHELLE HEYWOOD, *Respondent/Appellee*.

No. 1 CA-CV 14-0556 FC
1 CA-CV 14-0655 FC
(Consolidated)
FILED 2-16-2016

Appeal from the Superior Court in Maricopa County
No. FC2010-090193
The Honorable Emmet J. Ronan, Judge (Retired)

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

The Law Office of Kyle T. Green, PLLC, Mesa
By Kyle Green
*Counsel for Petitioner/Appellant*

Udall Shumway, PLC, Mesa
By Barry C. Dickerson, David R. Schwartz
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge Samuel A. Thumma joined.

---

**S W A N N**, Judge:

¶1 These consolidated appeals arise from several post-decree orders in a dissolution proceeding. John Alan Griffiths ("Father") appeals in 1 CA-CV 14-0556 FC from the family court's appointment of a real estate special commissioner ("special commissioner") and its grant of attorney's fees. In 1 CA-CV 14-0655 FC, Father appeals two family court orders awarding attorney's fees. For the following reasons, we affirm the award of attorney's fees in 1 CA-CV 14-0655 FC and the appointment of the special commissioner in 1 CA-CV 14-0556 FC. We dismiss the remainder of the issues in 1 CA-CV 14-0556 FC for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2 In January 2010, Father petitioned the family court for dissolution of marriage from Michelle Heywood ("Mother"). In April 2010, the family court entered a consent decree in which it awarded the marital residence to Father.

¶3 In August 2012, the family court modified the decree, ordering Father to "continue his best efforts" to remove Mother's name from the two mortgages on the marital residence within six months. Nearly a year later, Father had failed to have Mother's name removed from the mortgages. She then filed a post-decree petition, requesting the appointment of a special commissioner to sell the marital residence and requesting attorney's fees. She also filed petitions for civil contempt to enforce Father's obligation to pay child support. Thereafter, the court issued several rulings relevant to this consolidated appeal.

*The May 1, 2014 Ruling*

¶4 In a signed order on May 1, the family court ordered Father to relinquish the marital residence to the lender by a deed in lieu of foreclosure, and awarded attorney's fees to Mother. The ruling did not specify the amount of attorney's fees and did not include Ariz. R. Fam.

Law P. 78(B) language. Father filed his first notice of appeal challenging the May 1 ruling, but later voluntarily dismissed it.

*The June 25, 2014 Rulings*

**¶5** As Father's noncompliance with the order to have Mother removed from the mortgages continued, Mother filed an emergency motion for appointment of a special commissioner and again requested attorney's fees. In an unsigned minute entry, the family court ordered the appointment of the special commissioner and awarded Mother attorney's fees. The court also entered a signed order appointing a special commissioner the same day. Father filed his second notice of appeal challenging the family court's appointment of the special commissioner and the award of attorney's fees, giving rise to 1 CA-CV 14-0556 FC. In his opening brief to this court, Father added that he was appealing the order for the deed in lieu of foreclosure.

*The August 1, 2014 Ruling*

**¶6** Pursuant to its June 25 unsigned minute entry awarding attorney's fees and costs for Mother's emergency motion for appointment of the special commissioner, the family court awarded her $3,046.87 in a signed order entered on August 1. Father did not appeal from the August 1 ruling.

*The August 4, 2014 Rulings*

**¶7** On August 4, the family court entered a signed order awarding Mother $15,607.38 in attorney's fees and costs as authorized by the May 1 ruling related to Mother's efforts to remove her name from the mortgages. That same day, the family court also awarded Mother $2,928.60 in attorney's fees relating to Mother's petition for contempt for non-payment of child support. Father filed his third notice of appeal challenging the attorney's fees entered in both orders, giving rise to 1 CA-CV 14-0655 FC.

**DISCUSSION**

I. PARTIAL DISMISSAL AND PARTIAL AFFIRMATION OF 1 CA-CV 14-0556 FC

**¶8** In his opening brief, Father challenges the family court's order of "a Deed in Lieu of Foreclosure and appointment of the [special commissioner]," as well as the award of attorney's fees. Mother argues

that we lack jurisdiction to consider these issues. She contends that Father's second notice of appeal challenged only the family court's unsigned June 25, 2014 ruling appointing the special commissioner and awarding an unspecified amount of attorney's fees and that the appeal therefore was premature and a nullity. Further, she asserts that because the deed in lieu of foreclosure was not mentioned in the notice of appeal, we lack jurisdiction to review it.

¶9         We agree that Father's second notice of appeal was ineffective to challenge the award of fees from the unsigned June 25 minute entry. The minute entry did not resolve the amount of attorney's fees stemming from Mother's motion for appointment of a special commissioner, and it did not contain Rule 78(B) finality language. Father did not appeal the family court's August 1 ruling, which resolved the amount of attorney's fees related to the June 25 ruling, and the time to do so has long since passed. We therefore lack jurisdiction to review the award of fees from Father's second notice of appeal, and dismiss that portion of his appeal. We also agree that we lack jurisdiction to review the deed in lieu of foreclosure. The court ordered the deed in an order entered May 1, which Father appealed and voluntarily dismissed. He did not include the May 1 order in his notice of appeal from the June 25 order, but even had he included the May 1 order, the appeal would have been untimely.

¶10        But the court also entered a *signed* order appointing a special commissioner on June 25. That order was final and appealable, and Father's appeal from it was timely. We review measures to enforce prior orders for an abuse of discretion. *See* Ariz. R. Fam. Law P. 91(A), (H); *cf. In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011). Abuse of discretion exists when the record, viewed in a light most favorable to upholding the court's decision, demonstrates no evidence to support the decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). Mother first requested a court-appointed special commissioner in 2011 to assist in the sale of the house, and the court ordered Father to have Mother's name removed from the mortgages through refinance, foreclosure, deed in lieu of foreclosure, sale or short sale within six months after June 15, 2012. As of June 25, 2014 when the court appointed the special commissioner, Father still had not complied with the court's order to remove Mother's name from mortgages. Based on the evidence in this record, the trial court did not abuse its discretion in appointing the special commissioner to enforce its orders, and we affirm the order.

## II. ATTORNEY'S FEES AWARD IN 1 CA-CV 14-0655 FC

¶11        We next turn to Father's timely appeal from the two August 4, 2014 rulings awarding attorney's fees.  We review an award of attorney's fees under A.R.S. § 25–324 for an abuse of discretion.  *Rinegar v. Rinegar*, 231 Ariz. 85, 90, ¶ 22 (App. 2012).

¶12        The court may award reasonable attorney's fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."  A.R.S. § 25-324(A).   Either prong of the statute may justify an award.  *Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004).   Income disparity may support an award of attorney's fees even when the opposing party's positions have been reasonable.  *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 29 (App. 2000).   When considering the parties' financial resources under § 25-324, "the court is obligated to consider factors such as the degree of the resource disparity between the parties, the ratio of the fees owed to the assets and/or income of each party, and other similar matters."  *Magee*, 206 Ariz. at 592, ¶ 17.   The family court need not make express findings of fact in support of an award unless such findings are specifically requested.  A.R.S. § 25-324(A).

¶13        Here, though the parties did not request and the family court did not make any findings establishing Mother's entitlement to fees under A.R.S. § 25-324(A), the record contains Mother and Father's affidavits of financial information, filed within the same year as Mother's petitions concerning child support and the marital residence.   The affidavits show significant financial disparity: Father's income was more than double Mother's income.  Father listed no outstanding debt in his affidavit, and Mother listed many thousands of dollars of debt.  This disparity was sufficient to justify an award of fees.  *See Pownall*, 197 Ariz. at 583, ¶ 29.

¶14        We discern no abuse of discretion in the amount of fees the court awarded.  Father argues that the family court's August 4 ruling that awarded Mother $2,928.60 for Mother's contempt petition for non-payment of child support permitted recovery of fees only for "*pleadings generated after the child support issue was raised.*"  He therefore argues that Mother could only recover fees for the contempt petition itself, but not time spent on ancillary tasks such as phone calls, emails, or hearing preparation.  The family court considered Father's objection to Mother's request for attorney's fees and correctly rejected it.  The family court's

order awarded fees for Mother's petition and all related legal efforts, and those fees were reasonable. We discern no abuse of discretion.[1]

¶15 Father further challenges the reasonableness of the family court's August 4 ruling awarding Mother $15,607.38 in attorney's fees arising out of Mother's efforts to remove her name from the mortgages. He argues that the fees were "excessive" and "exorbitant" because the court found Mother acted in bad faith. But the court did not find Mother acted in bad faith, only that Mother had been "somewhat uncooperative," and that both parties had "at times, been unreasonable in their positions." Father further argues the family court should have reduced the fee award due to Father's financial situation. Father also contends Mother's counsel's fee affidavit contained inconsistencies, duplicative entries, and billed excessive time for drafting the petition and a related motion to consolidate. Ultimately, the family court exercised its discretion by awarding Mother $7,662 less than she requested. In view of the fact that Father created the need for Mother's attorney's fees by his long noncompliance with court orders, we find his arguments unavailing and perceive no abuse of discretion.

III. REQUEST FOR ATTORNEY'S FEES ON APPEAL

¶16 Mother requests attorney's fees on appeal pursuant to § 25-324. In the exercise of our discretion, we deny her request for fees.

---

[1] Father also alerts us to an alleged billing error for a single time entry, wherein Mother's counsel's paralegal's rate is incorrectly listed as $90 an hour instead of her usual $80 per hour rate. Examination of the affidavit, however, shows that although the paralegal's hourly rate is listed incorrectly for the one time entry, the mathematical computation of her fee is correct.

## CONCLUSION

¶**17**    For the foregoing reasons, we affirm the appointment of the special commissioner (1 CA-CV 14-0556 FC) and the awards of attorney's fees (1 CA-CV 14-0655 FC).  We award Mother her costs on appeal upon compliance with ARCAP 21.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama