NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

LINDA JEAN HARNISH CLARK, *Petitioner/Appellee*,

*v.*

EDWARD WAYNE CLARK, *Respondent/Appellant*.

No. 1 CA-CV 14-0370 FC
FILED 4-5-2016

Appeal from the Superior Court in Maricopa County
No.  FC2011-090967
The Honorable Timothy J. Ryan, Judge

**AFFIRMED**

COUNSEL

Bishop Law Office, PC, Phoenix and Tempe
By Daniel P. Beeks, William D. Bishop
*Counsel for Petitioner/Appellee*

Edward Wayne Clark, Mesa
*Respondent/Appellant*

## MEMORANDUM DECISION

Presiding Judge Peter B. Swann delivered the decision of the court, in which Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

**S W A N N**, Judge:

¶1         Edward Wayne Clark ("Husband") appeals from the superior court's post-decree ruling awarding attorney's fees and costs to Linda Jean Harnish Clark ("Wife") under A.R.S. § 25-324(A). The superior court found that the award was warranted based on a disparity in the parties' financial resources and on unreasonable positions that Husband had taken in the litigation. The record is sufficient to support the court's findings. We therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2         Husband and Wife divorced after a lengthy marriage. In 2013, the superior court awarded approximately $109,000 in attorney's fees and costs to Wife, finding that "Husband has substantially greater financial resources compared to Wife" and "has taken patently unreasonable positions, driving up the cost of litigation, particularly in the post-trial proceedings." Husband appealed, and we ultimately affirmed the award in *Clark v. Clark*, 1 CA-CV 13-0252 FC, 2015 WL 2448844, at *8, ¶¶ 32-33 (Ariz. App. April 30, 2015) (mem. decision).

¶3         While the appeal was pending, Husband filed a petition to modify child support. The superior court deemed the petition premature because the issue of Husband's income was on appeal.

¶4         Husband then moved for relief from judgment regarding the division of real property. At oral argument on that motion, the superior court denied Husband's oral request for reconsideration of the petition to modify child support. The court denied Husband's motion for relief from judgment (a ruling that we later affirmed in *Clark v. Clark*, 1 CA-CV 14-0293 FC, 2015 WL 2381297 (Ariz. App. May 12, 2015) (mem. decision)), and permitted Wife to file an application for attorney's fees and costs.

¶5         Wife applied under A.R.S. § 25-324 for $52,522.49 in attorney's fees and costs incurred since the initial fee award. Over

Husband's objection, the court entered judgment in Wife's favor for the full amount she requested, finding:

> Husband has taken, and continues to take, unreasonable positions during the course of this post-decree litigation. The Court further finds that Husband has been less than candid with the Court. The Court further finds that Husband's pattern and practice of litigation is done with the intent to escalate litigation costs for [Wife]. The Court further finds that the work expended by counsel to be reasonably calculated to provide thorough competent representation. The Court further finds the hourly rate to be reasonable. The Court further finds that the judgment entered below is related to issues of support, and therefore subject to the contempt authority of the Court.

**¶6** Husband filed a motion to amend the judgment, requesting that the court make specific findings under A.R.S. § 25-324(A). Wife filed proposed findings, which Husband opposed. The court adopted Wife's proposed findings in their entirety and denied Husband's motion for amendment as moot. Husband appeals.

## DISCUSSION

**¶7** We review an award of attorney's fees under A.R.S. § 25–324 for an abuse of discretion. *Rinegar v. Rinegar*, 231 Ariz. 85, 90, ¶ 22 (App. 2012). We view the record in the light most favorable to upholding the award, and will affirm if any reasonable evidence in the record supports the superior court's decision. *Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987). We must accept the superior court's factual findings unless they are clearly erroneous or unsupported by any credible evidence. *See Imperial Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 72 (App. 1986).

**¶8** A.R.S. § 25-324(A) provides that the court may award reasonable attorney's fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Fees may be awarded based on either the disparity of the parties' financial resources or the reasonableness of their positions. *Magee v. Magee*, 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004). Husband contends that fees were not warranted on either ground. We hold that the record supports the court's findings with respect to both grounds.

I.  FINANCIAL DISPARITY

**¶9**         Disparity in income may support an attorney's fees award even if the party against whom fees are sought has taken reasonable positions in the litigation. *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 29 (App. 2000).  When considering parties' financial resources for purposes of A.R.S. § 25-324(A), "the court is obligated to consider factors such as the degree of the resource disparity between the parties, the ratio of the fees owed to the assets and/or income of each party, and other similar matters."  *Magee*, 206 Ariz. at 592, ¶ 17.  The "relative financial disparity between the parties is the benchmark for eligibility."  *Id*. at 593, ¶ 18.  The court determines the weight to attribute to each of the factors.  *In re Marriage of Williams*, 219 Ariz. 546, 550, ¶ 15 (App. 2008).

**¶10**         Here, the  superior court stated that it had considered the financial resources of each party, and found that "Husband has substantially greater financial resources, earnings, and earning potential compared to Wife."   The  court further found that Husband had not paid Wife any funds ordered by previous judgments (excepting child support and spousal maintenance) and that Wife had been "forced to spend the amounts she received for spousal maintenance to pay her attorneys during the post-trial proceedings, which has also caused Wife to incur significant credit card debt.  Husband's refusal to pay these amounts to Wife has compounded the disparity in financial resources between the parties."  The  court noted that it would have awarded Wife all of her requested fees based on income disparity even if Husband had acted reasonably.

**¶11**         Husband's own contemporaneous child support worksheet showed that Husband's monthly income was $11,189 and Wife's monthly income was $4,291.  Even after adjusting both incomes to reflect the $3,000 per month spousal maintenance paid to Wife, Husband's monthly income was still greater than Wife's.  In the abstract, we would not necessarily uphold an award of fees of this magnitude based solely on an income disparity in this range.  But because the court found that Wife's spousal maintenance award was going directly to pay her attorneys to redress Husband's non-payment of court-ordered judgments, including the substantial initial fee award, we hold that the record supports the  court's ruling.

II.  REASONABLENESS OF POSITIONS

**¶12**         A.R.S. "§ 25-324(A) requires that the propriety of a litigant's legal position be evaluated by an objective standard of reasonableness."

*Williams*, 219 Ariz. at 548, ¶ 10. The abuse of discretion standard acknowledges the superior court's opportunity to observe whether the parties' positions were reasonable. *See Graville v. Dodge*, 195 Ariz. 119, 131, ¶ 56 (App. 1999).

¶13 The superior court found that Wife had not taken any unreasonable positions, but that Husband had taken unreasonable post-decree positions and that his "pattern and practice of litigation is done with the intent to escalate litigation costs for Wife." The superior court then found twenty specific post-decree positions taken by Husband that were unreasonable. The court noted that it would have awarded Wife all of her requested fees based on Husband's unreasonable positions even if there had been no financial disparity.

¶14 The record supports the court's findings. The superior court was in the best position to observe the reasonableness of the parties' conduct throughout the litigation, and we cannot say the court abused its discretion by concluding that Husband acted unreasonably and that Wife did not.

**CONCLUSION**

¶15 For the foregoing reasons, we affirm. In exercise of our discretion, we deny Wife's request for attorney's fees on appeal. We award Wife costs on appeal upon her compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama