NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KATIE MARUNA, *Petitioner/Appellant*,

*v.*

JONATHAN MIGUEL SPANN, SR., *Respondent/Appellee*.

No. 1 CA-CV 21-0030 FC
FILED 9-28-2021

Appeal from the Superior Court in Maricopa County
No. FC2017-052816
The Honorable Melissa Julian, Judge

**AFFIRMED**

COUNSEL

Alongi Law Firm, PLLC, Phoenix
By Thomas P. Alongi
*Counsel for Petitioner/Appellant*

Keist Thurston O'Brien, Peoria
By Joel N. Thurston
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer M. Perkins joined.

---

**C R U Z**, Judge:

¶1        Katie Maruna ("Mother") appeals the superior court's orders modifying child support, denying her request for attorneys' fees, and denying her motion for amended judgment pursuant to Arizona Rule of Family Law Procedure 83 ("Rule 83"). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Mother and Jonathan Miguel Spann, Sr. ("Father") were married in 1999 and had four children. They divorced in 2018 — three of the children were minors at that time. The parties agreed that Father's overtime pay from his work as a police officer would not be included in his gross income for calculation of his child support obligation, and the superior court ordered Father to pay $800.00 per month in child support.

¶3        In 2020, Mother filed petitions to enforce the court's order for division of property and for medical expense reimbursement. Father filed a petition to modify child support based on the emancipation of one of the children, and the superior court held an evidentiary hearing on all three petitions. Mother sought to have child support modified upward to $1103.00, an amount she arrived at after including Father's overtime pay in his gross income.

¶4        The court ultimately lowered Father's child support obligation to $700.00 per month, ordered him to pay Mother $364.30 in unreimbursed medical expenses, and to remove his name from the title of a vehicle previously awarded to Mother. The court denied Mother's and Father's requests for attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324, finding that although there was a substantial disparity in the parties' income, both had behaved unreasonably. Mother filed a Rule 83 motion to amend the judgment, which the superior court denied. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

**DISCUSSION**

**¶5**         Mother first argues the superior court erred by failing to include Father's overtime pay in his gross income.  We review the superior court's ruling on a petition for modification of child support for an abuse of discretion.  *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015).  An abuse of discretion occurs when the record, viewed in the light most favorable to upholding the superior court's decision, does not support the decision or when the court commits an error of law.  *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999); *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018).  "We will uphold the award unless it is devoid of competent evidence and for any reason supported by the record."  *Nia v. Nia*, 242 Ariz. 419, 422, ¶ 7 (App. 2017) (internal quotation marks and citations omitted).  We interpret the Arizona Child Support Guidelines ("the Guidelines") de novo. *Hetherington v. Hetherington*, 220 Ariz. 16, 21, ¶ 21 (App. 2008).

**¶6**         Without citation to legal authority, Mother argues that Father had the burden to prove that his overtime pay should not be included in his gross income.  Because this argument lacks support, we reject it.  *See* Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7)(A); *Brown v. U.S. Fid. and Guar. Co.*, 194 Ariz. 85, 93, ¶ 50 (App. 1998).

**¶7**         In determining a party's gross income, the Guidelines provide that the superior court "**may** . . . consider income actually earned that is greater than would have been earned by full-time employment if that income was historically earned from a regular schedule and is anticipated to continue into the future."  A.R.S. § 25-320 app. § 5(A) (emphasis added).  The Guidelines, however, also state that "[g]enerally, the court should not attribute income greater than what would have been earned from full-time employment.  Each parent should have the choice of working additional hours through overtime or at a second job without increasing the child support award."  *Id.*  Thus, the Guidelines do not suggest that the use of voluntary overtime is favored in the calculation of gross income.  Instead, the court has the discretion to consider such additional income.  *Id.*  The intent of the Guidelines "was to generally exclude only non-mandatory or voluntary overtime from gross income," thereby ensuring that a child support award is based upon each parents' regular income and permitting either parent to work additional hours "without exposing that parent to the treadmill effect of an ever-increasing child support obligation."  *McNutt v. McNutt*, 203 Ariz. 28, 32, ¶ 17 (App. 2002) (citation and internal quotation marks omitted).

¶8 Here, the superior court found that Father's overtime work was not required by his employer and exercised its discretion under the Guidelines to exclude Father's overtime pay from his gross income. And, although Father historically worked overtime, his paystubs demonstrate that his overtime pay fluctuated. *See* A.R.S. § 25-320 app. § 5(A) (overtime pay may only be included if it "was historically earned from a *regular* schedule") (emphasis added). During one two-week pay period, Father worked 80 regular hours and 10 hours of overtime, but in the subsequent pay period Father worked 80 regular hours and no overtime. The court acted within its discretion in calculating Husband's gross income.

¶9 Mother next argues the superior court abused its discretion by failing to award her attorneys' fees. We review an award of attorneys' fees for an abuse of discretion. *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004). The superior court abuses its discretion when it makes an error of law in reaching a discretionary conclusion or when the record, viewed in the light most favorable to upholding the court's decision, is devoid of competent evidence to support the decision. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014) (internal quotation marks and citation omitted).

¶10 The superior court may award attorneys' fees in a dissolution proceeding "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). Here, the superior court found that although Father's income was substantially greater than Mother's income, both parties had behaved unreasonably. The court declined to award either party attorneys' fees.

¶11 The superior court found that Mother failed to timely engage in good faith settlement negotiations, thereby causing unnecessary litigation over "very minimal financial issues" that could have been resolved "much earlier." Mother sought $426.08 from Father for unreimbursed medical expenses. Before trial, Father offered Mother $288.73—his attorney explained in a letter enclosed with the check that Mother had included in her total of $426.08 (1) a dentist bill for $77.00 that Father, not Mother, had paid (for which he was entitled to a credit of $22.33), and (2) an optometrist bill for an individual who was not the parties' child. Mother refused to cash the check, and failed to engage in settlement negotiations regarding any of the issues. At trial, Mother requested $364.30 instead of $426.08, and the superior court ordered Father to pay that amount. Thus, Mother gained less than $100 by litigating the reimbursement issue, causing both parties to incur attorneys' fees. The possibility of settlement and the reasonableness of settlement offers may be

considered by the court when awarding attorneys' fees under A.R.S. § 25-324. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 351, ¶ 34 (App. 1998). We find no abuse of discretion.

**¶12** Both parties request an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of the positions they have taken in this matter, we decline to award attorneys' fees on appeal to either party. As the prevailing party, Father is entitled to his costs upon compliance with ARCAP 21.

## CONCLUSION

**¶13** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA