NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

*In re the Matter of:*

WAYNE DOUGLAS MCLAUGHLIN, *Petitioner/Appellant*,

*v.*

ALIYA MCLAUGHLIN, *Respondent/Appellee.*

No. 1 CA-CV 22-0763 FC
FILED 9-21-2023

---

Appeal from the Superior Court in Maricopa County
No.  FC2021-094004
The Honorable Rusty D. Crandell, Judge *Retired*

**AFFIRMED**

---

COUNSEL

Wayne Douglas McLaughlin, Prescott
*Petitioner/Appellant*

Barreda Law, PLLC, Gilbert
By Joshua A. Barreda
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Anni Hill Foster joined.

_____

**C A T T A N I**, Judge:

¶1            Wayne Douglas McLaughlin ("Father") appeals the superior court's award of attorney's fees in favor of Aliya McLaughlin ("Mother") in this post-decree modification proceeding.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            Mother and Father have one child together, born in 2013. Father petitioned to dissolve their marriage the following year.  The parties entered a separation agreement governing legal decision-making and parenting time, which the superior court adopted as part of the dissolution decree.  The agreement provided for joint legal-decision making, with Father having final authority, and made Father the primary residential parent, with Mother having parenting time every other weekend "at all times under the supervision of  the Mother's Grandmother" or another agreed-upon family member.

¶3            Mother later explained that her parenting time had not, in fact, been supervised since at least early 2017, as Father became less restrictive over time.  And beginning in early 2020, Mother's parenting time increased (without a formal change in the parenting plan) until, in September, the parties were exercising essentially equal parenting time.

¶4            This continued for approximately eight months until, in April 2021, Father again began to limit Mother's parenting time to every other weekend and, soon thereafter, resumed insisting that Mother's parenting time be supervised.  At that time, Father justified limiting Mother's parenting time based on their child purportedly having issues in school.  He later acknowledged, however, that their child "was doing well in school" and that the restriction had more to do with his disagreements with Mother's significant other.

¶5            Mother filed a petition to modify legal decision-making and parenting time in June 2021.  While the post-decree proceedings were

pending, in May 2022, Mother obtained an order of protection against Father based on allegations of domestic violence. And Mother testified at the hearing on modification that Father had committed acts of domestic violence against her, which Father denied.

¶6            The superior court ultimately awarded joint legal decision-making (with the caveat that Father would have sole authority until Mother's no-contact order of protection was dismissed or modified to permit communication). The court expressly found that, notwithstanding the order of protection, Mother had not proven her allegations of domestic violence. The court designated Father as the child's primary residential parent and granted Mother parenting time every other weekend during the school year (because greater frequency was not feasible due to the distance between the parties' homes), plus two consecutive weeks followed by alternating weeks over summer vacation. And the court expressly found that the evidence showed no basis for requiring Mother's parenting time to be supervised.

¶7            The court awarded Mother a portion of her attorney's fees and costs under A.R.S. § 25-324(A). First, the court found that Father had "considerably more [financial] resources available" than Mother. Second, the court found that Father had acted unreasonably during the litigation by insisting on supervised parenting time without any reasonable basis for it and by limiting Mother's parenting time to every other weekend even during vacations. The court explained that these needless restrictions were contrary to the child's best interests, had poisoned the parties' co-parenting relationship, and had expanded the litigation.

¶8            Mother filed her application seeking just over $40,000 in attorney's fees and costs. The court initially ruled (awarding Mother $12,000) before the deadline for Father's objections had passed. On Father's motion, the court vacated its initial award to permit consideration of his objections. Along with numerous objections to individual billing entries, Father argued that Mother's litigation strategy improperly "hinged on false allegations of domestic violence," and he pointed out that her order of protection against him had been dismissed after an evidentiary hearing. After considering Father's objections, the court awarded Mother $9,000 in attorney's fees and costs.

¶9            Father timely appealed the award of attorney's fees and costs. We have jurisdiction under A.R.S. § 12-2101(A)(2).

3

## DISCUSSION

¶10 Father challenges the superior court's award of attorney's fees in favor of Mother and suggests that he should have been awarded fees instead. In post-dissolution proceedings, the superior court is authorized to award reasonable attorney's fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A). The court compares "relative financial disparity in income and/or assets" between the spouses, including each party's ability to pay their own (and the other's) fees and "other similar matters." *Magee v. Magee*, 206 Ariz. 589, 589, 592–93, ¶¶ 1, 17–18 (App. 2004). And the court assesses, under an objective standard, each party's reasonableness (or unreasonableness) throughout the proceedings. *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 10 (App. 2008). We review the resulting award for an abuse of discretion. *Murray v. Murray*, 239 Ariz. 174, 179, ¶ 20 (App. 2016).

¶11 First, Father asserts that Mother presented false claims of domestic violence, which wrongly poisoned the court's perception of him. He urges that her domestic-violence allegations in the modification proceedings and references to the order of protection (which he had not yet contested at the time of the modification trial) effected a "systematic destruction of [his] reputation" and thereby tainted the court's reasonableness assessment.[1]

¶12 But in ruling on modification, the court expressly found that Father "has not engaged in acts of domestic violence against [Mother]." Moreover, the award of attorney's fees was not based on any purported domestic violence but rather on Father's other actions, including needlessly restricting Mother's time with their child for reasons unrelated to the child's best interests. Father relies heavily on the fact that Mother's order of protection against him was in effect at the time of the hearing on modification, but the court was aware that the order of protection had been dismissed before entering the fee award. Father offers only speculation—belied by the superior court's express findings and conclusions—that the court was improperly influenced by Mother's allegations. And to the extent Father argues that the court erred by failing to award fees in his favor, he

---

[1] Father also seeks fees, costs, and sanctions against Mother and her attorney predicated on conduct in the protective-order proceedings and based on a free-standing allegation of abuse of process. Such claims are beyond the scope of our review on appeal from the fee judgment in this case.

offers no record basis to controvert the court's findings that neither party knowingly presented a false claim or filed a groundless, bad faith, or otherwise improper petition. *See* A.R.S. §§ 25-415(A), -324(B).

¶13 Second, Father asserts the court erred by finding him unreasonable in restricting Mother's parenting time (both requiring supervision and limiting duration) beginning in April 2021 because such restrictions were permitted by the parenting-time order then in effect. But the court appropriately considered the existing factual circumstances, including Mother's months-long track record of sharing essentially equal, unsupervised parenting time without safety concerns. This is especially significant given Father's testimony that reinstituting restrictions had more to do with his interactions with Mother's significant other than with any concerns about Mother's fitness or the child's interests. The record supports the court's conclusion that Father thereby acted unreasonably.

¶14 We note that the court also found Father had substantially more financial resources than Mother, which (independent of the reasonableness assessment) supports the award. *See* A.R.S. § 25-324(A); *Magee*, 206 Ariz. at 591, ¶ 8 n.1. Father did not challenge this finding on appeal until his reply and has thus waived the issue. *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007). And although he now asserts that the fee award works an extreme hardship on him, he did not raise this argument in superior court (or in his opening brief on appeal), and we thus do not address it. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000).

¶15 Finally, Father argues that the court should have stricken Mother's fee application as insufficient because the accompanying affidavit was not signed and notarized. To be sure, Mother's attorney should have signed and notarized the affidavit provided with the application for attorney's fees. But the attorney signed the application itself as required under Rule 26(a)(1) of the Arizona Rules of Family Law Procedure. And the application was supported not just by the unsigned affidavit, but also by itemized billing statements as permitted under Rule 78(e)(2) (allowing submission of "an itemized affidavit *or exhibits*" to support an application for attorney's fees) (emphasis added). The court thus did not err by considering the application and awarding fees on that basis.

¶16 Mother requests an award of attorney's fees on appeal under A.R.S. § 25-324(A). Having considered the relevant factors and in an exercise of our discretion, we award her costs and a portion of her attorney's fees on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶17      The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA