NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MARY ANN ERVIN, *Petitioner/Appellant*,

*v.*

MARK NATHAN MILLS, *Respondent/Appellee*.

No. 1 CA-CV 17-0407 FC
FILED 3-7-2018

Appeal from the Superior Court in Maricopa County
No. FC2013-005069
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Gillespie, Shields, Durrant & Goldfarb, Mesa
By Mark A. Shields
*Counsel for Petitioner/Appellant*

Cohen Family Law, PLLC, Phoenix
By Mitchell E. Cohen
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Mary Ann Ervin ("Mother") challenges the family court's orders restoring unsupervised parenting time of the parties' child ("the child") to Mark Nathan Mills ("Father") and awarding Father attorneys' fees.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The parties married in October 2009 and divorced in November 2010.  After divorcing, they briefly reconciled, and Mother gave birth to the child in September 2012.

¶3        In June 2013, Mother petitioned for a paternity order and child support.  Father admitted paternity, agreed to pay child support, and sought joint legal decision-making authority.  In November 2013, the family court approved the parties' agreement that Mother would have sole legal decision-making authority and be the primary residential parent, and Father would have parenting time two weekends per month with seventy-two hours' notice to Mother.  During visits, Father would stay at Mother's home and be allowed to take the child on outings, provided he and the child returned by 7:00 p.m.

¶4        The parties' relationship deteriorated, however, and Mother began denying Father access to her residence and the child.  In December 2015, Father petitioned for modification of parenting time, alleging that Mother "has a control issue."  In response, Mother filed a petition to modify parenting time and child support, seeking only supervised parenting time for Father.  Mother also obtained on order of protection against Father, although the judicial officer who issued the order of protection denied Mother's request to add the child as a protected person.  Alleging Father had threatened and harassed her, engaged in domestic violence against her and the child, and had substance abuse issues, Mother moved for temporary orders denying Father any parenting time before trial.  In June

2016, the parties entered a temporary agreement to allow Father supervised parenting time pending trial.

¶5         Following a September 2016 trial, the family court affirmed Mother's sole legal decision-making authority and entered child support orders, but granted Father unsupervised parenting time despite Mother's various allegations against Father, including "anger issues, substance abuse, a criminal history, and lack of parenting skills." The court noted "conflict between the parties," but concluded "the evidence does not establish a safety issue for the child while in Father's care." The court made best interest findings,[1] including finding that Father is randomly drug-tested by his employer and his tests have been clean, and finding Mother's claims of domestic violence not credible, and granted Father parenting time of at least six days each month with Face Time communication at least once per week.[2] The court also found Mother acted unreasonably in failing to comply with its earlier orders regarding Father's contacts with the child and awarded Father attorneys' fees.

¶6         Less than a month later, Mother moved for emergency temporary orders and petitioned to modify parenting time and child support, alleging that Father had burned the child with a lighter during his parenting time. Mother asked the court to suspend Father's parenting time pending completion of local police and Department of Child Safety investigations. The court ordered supervised parenting time for Father pending a hearing.

¶7         Following the hearing, the court denied Mother's petition and reinstated Father's unsupervised parenting time. The court found the child's health was not seriously endangered while he was in Father's care and found "no credible evidence that Father burned the child intentionally or accidentally during the . . . visit." The court also found Mother's testimony that the child did not want to see Father and that Father neglected the child by ignoring his food allergies to be not credible. The court determined Mother's positions were "grossly unreasonable" and

---

[1]         *See* Ariz. Rev. Stat. ("A.R.S.") § 25-403(A) (2017).

[2]         The court also noted: "Mother would like for Father to terminate his parental rights. *Father states that Mother offered him $20,000 to terminate his rights. Mother does not dispute this.* According to the Parenting Conference report, *she stated that she is not willing to be flexible and allow Father frequent and meaningful and continuing contact with [the child].* Mother admits in court that she would like for Father to just go away." (Emphasis in original.)

awarded Father his attorneys' fees incurred in addressing Mother's petition to modify. The court also expressed "significant concerns" regarding Mother's mental stability and ordered her to undergo a mental health evaluation.

**¶8**        Mother timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## ANALYSIS

### I.        *Alleged Need for New Best Interest Findings*

**¶9**        Mother contends the family court failed to make findings supporting its parenting time ruling as required by § 25-403(B). When parenting time is at issue, the family court must make "specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25–403(B). Before addressing best interests, however, "the court must initially determine whether a change of circumstances has occurred since the last custody order." *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982). Only after the court finds a change has occurred does it consider whether a change in parenting time would be in the child's best interest. *Id.*

**¶10**        Here, the court found no material change in the child's circumstances that would have justified a parenting time modification. In accordance with the purpose of best interest findings, if a parent cannot show a "material change" in circumstance has occurred, the prior best interest findings remain the law of the case. *See generally Gutierrez v. Fox*, 242 Ariz. 259, 267-68, ¶ 34 (App. 2017) (stating that § 25-403's requirement of specific best interest findings exists to aid appellate review and the parties and the family court in determining the best interest of a child "both currently and in the future" (quoting *Reid v. Reid*, 222 Ariz. 204, 209, ¶ 18 (App. 2009))). The court therefore did not need to make new best interest findings.[3]

---

[3]        Moreover, even if circumstances have changed, a party "shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health." A.R.S. § 25-411(A) (2017). In this case, less than one month had passed before Mother filed her motion, and the court found

*II.     Family Court's Determinations and Weighing of the Evidence*

**¶11**        Mother next contends the family court did not give proper weight to her testimony regarding the burn incident. We will not disturb the court's parenting time order absent an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013); *see also Pridgeon*, 134 Ariz. at 179 ("The trial court has broad discretion to determine whether a change of circumstances has occurred." (citation omitted)).

**¶12**        The family court found Mother's testimony not credible, and the record supports this finding. Mother testified she did not initially notice the burn mark on the child's arm until he was home, awoke from a nap, and told her about the injury because the child was wearing a long-sleeved shirt. But a photograph of the shirt the child was wearing at the time shows the shirt had short sleeves. The police report also indicated Mother noticed the burn right away and asked the child, "[D]id daddy hurt you?" Mother also admitted she told the police, the emergency room physician, and the counselor the child saw after the incident that Father had a history of domestic abuse, which is not substantiated in the record before us.

**¶13**        Additionally, Father testified the child was not fearful of him and never mentioned the burn except when talking via Face Time from Mother's home. Father also testified that Mother refused to bring the child to multiple supervised visits. We defer to the family court's credibility determinations. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998); *see also Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) ("Our duty on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence." (citation omitted)).

**¶14**        Mother also attempts to equate this case with *Christopher K. v. Markaa S.*, 233 Ariz. 297 (App. 2013). In *Christopher K.*, we held "that when physical discipline of a child is at issue in a custody proceeding, the court must determine expressly whether the discipline rises to the level of domestic violence" and, if it does, the court must give that evidence "primary importance." *Id.* at 298, ¶ 1. Here, however, the court found no credible evidence of any "imminent risk of harm to the child while in Father's care," and the record supports that finding.

---

Father had not harmed the child and "an imminent risk of harm to the child while in Father's care does <u>not</u> exist." Accordingly, under A.R.S. § 25-411, the court could not enter a modification.

### III. Order Requiring Mother to Undergo a Mental Health Evaluation

¶15    Mother also challenges the court's order requiring her to undergo a mental health evaluation, contending Father did not request such an evaluation in his pretrial statement.[4]   The family court ordered Mother to undergo a psychological evaluation based on the court's "significant concerns regarding Mother's mental stability" and belief "that the child may be at risk for physical and psychological harm by Mother."

¶16    We review the family court's ruling for an abuse of discretion and resulting prejudice.  *See Kosidlo v. Kosidlo*, 125 Ariz. 32, 35 (App. 1979) (holding the court's wrongful failure to exclude witnesses did not require reversal unless prejudice was demonstrated), *disapproved in part on other grounds*, 125 Ariz. 18, 18 (1979).  In general, pretrial statements govern the subsequent course of the litigation.  *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007) (citation omitted).  Arizona Rule of Family Law Procedure ("Rule") 76(C), however, does not expressly limit the court to considering only the relief set forth therein.[5]   Accordingly, Mother's argument on this basis does not afford her relief.[6]

### IV. Award of Attorneys' Fees to Father

¶17    Mother challenges the family court's fee award, which we review for an abuse of discretion.  *Magee v. Magee*, 206 Ariz. 589, 590, ¶ 6 (App. 2004).

---

[4]    The record provided this court does not indicate whether Mother has already undergone the evaluation.

[5]    Moreover, Mother makes no argument that she has been prejudiced.

[6]    We note, however, that Rule 63 allows court-ordered mental health evaluations "only on motion for good cause shown and upon notice to the person to be evaluated."  Ariz. R. Fam. Law P. 63(A).  Here, nothing precluded the family court from acting on its own motion, and the record supports the conclusion that good cause for the order was shown.  Nevertheless, the record does not indicate the court provided Mother notice it was considering ordering her to undergo such an evaluation, and the failure to provide such notice would constitute an abuse of discretion on the part of the court.  Because Mother did not mention Rule 63 in her opening brief, however, she has waived on appeal any argument regarding its applicability.  *See Jones v. Burk*, 164 Ariz. 595, 597 (App. 1990).

**¶18** Mother first contends "Father did not plead a statutory or rule basis for his request for fees." Rule 78(D)(1) only requires that parties state their fee claims "in the pleadings, pretrial statement, or by motion filed prior to trial or post-decree evidentiary hearing." Although neither party cited any specific statutory authority, both parties identified attorneys' fees as an issue to be addressed in their pretrial statements—Mother by noting that an award of fees and costs would be appropriate if the court found a party had taken an unreasonable position, and Father by asserting that an award of attorneys' fees and costs to him was appropriate because Mother's claim was fabricated and brought in bad faith. We thus reject Mother's contention.

**¶19** Mother also contends Father did not comply with Rule 91, which requires parties to file an affidavit of financial information when asserting an attorneys' fees claim. *See* Ariz. R. Fam. Law P. 91(S). Mother did not raise this objection below and has waived it on appeal. *See Hannosh v. Segal*, 235 Ariz. 108, 115, ¶ 25 (App. 2014). In any event, the court had substantial information before it—including the parties' previously filed affidavits of financial information and testimony taken during the hearing—to consider the parties' financial resources. Moreover, the court based its award on the unreasonableness of Mother's positions, not any financial disparity.[7] *See Magee*, 206 Ariz. at 591 n.1, ¶ 8 ("[A]n applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award."). We therefore find no abuse of discretion.

*V.     Father's Reasonable Attorneys' Fees and Costs Incurred on Appeal*

**¶20** Father requests his attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324(A) and (B) (2017). Subsection (A) authorizes an award of attorneys' fees and costs upon considering "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Subsection (B) mandates an award of reasonable costs and attorneys' fees if the court finds (1) the petition was not filed in good faith, (2) the petition was not grounded in fact or based on law, or (3) the petition was filed for an improper purpose, such as to harass the other party, to cause an unnecessary delay, or to increase the cost of litigation to the other party.

---

[7] The court found Mother's conduct "grossly unreasonable" and that Mother had "asserted false allegations against Father resulting in a temporary loss of his court-ordered parenting time and criminal charges."

**¶21** The record does not suggest that a significant financial disparity exists between the parties, but we agree with the family court that Mother took unreasonable positions below. Mother has continued to assert those same positions in this appeal. We therefore award Father reasonable attorneys' fees pursuant to § 25-324(A) upon compliance with Arizona Rule of Civil Appellate Procedure 21. Father also may recover his taxable costs as the successful party on appeal. We decline to award attorneys' fees or costs under § 25-324(B).

## CONCLUSION

**¶22** We affirm the family court's orders.

