NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GREGSON J. PORTEOUS, *Petitioner/Appellant,*

*v.*

KAREN L. FRANCIES, *Respondent/Appellee.*

No. 1 CA-CV 19-0822 FC

FILED 10-15-2020

Appeal from the Superior Court in Maricopa County
No. FC2018-006750
The Honorable Kevin B. Wein, Judge

**AFFIRMED**

COUNSEL

kdlaw, P.C., Scottsdale
By Kiilu Davis, Sally M. Colton
*Counsel for Petitioner/Appellant*

REPPUCCI & ROEDER, PLLC, Phoenix
By Ryan M. Reppucci, Stacy L. Porter
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

¶1            Gregson J. Porteous ("Grandfather") appeals the superior court's denial of his request for attorneys' fees and costs. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2            In 2016, Karen L. Francies ("Grandmother") was appointed temporary guardian of her minor grandchild. When the temporary guardianship expired near the end of 2016, the Department of Child Safety ("DCS") brought a dependency action. The grandchild continued to live with Grandmother throughout the dependency. In 2018, Grandmother was appointed as the permanent guardian of the grandchild and, consequently, the dependency action was dismissed.

¶3            While the dependency was still open, and shortly before Grandmother's appointment as permanent guardian, Grandfather filed this family court action, seeking an order for visitation with the grandchild. Grandmother and Grandfather, who are divorced, apparently have a contentious relationship. Up to that point, Grandmother had refused to allow Grandfather any visitation with their grandchild.

¶4            The court ruled on various pre-trial motions, including granting Grandfather's request for visitation on a temporary basis, and denying Grandmother's motion to dismiss. Trial on Grandfather's petition was initially scheduled for August 2019 but was continued upon the court's directive for the parties to earnestly seek a stipulated visitation agreement. An agreement was reached the following month. The sole issue remaining for the court was a request by each party for an award of attorneys' fees and costs. After the court denied both parties' requests, Grandfather timely appealed. We have jurisdiction pursuant Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21 (A)(1).

## DISCUSSION

¶5 The superior court has discretion to grant or deny a request for attorneys' fees and costs under A.R.S. § 25-324, "after considering the financial resources of both parties and the reasonableness of the positions each party has taken through the proceedings." *See Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 9 (App. 2014). Although a court may award attorneys' fees and costs based on either financial disparity or reasonableness, the court must consider both factors. *See In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶¶ 27-29 (App. 2000). We review the denial of a request for fees under § 25-324 for an abuse of discretion and defer to the court's factual findings so long as there is competent evidence to support them. *Quijada v. Quijada*, 246 Ariz. 217, 221–22, ¶ 13 (App. 2019).

*I. Financial Disparity*

¶6 In considering the financial resources of the parties, the superior court may look to a number of factors, including the financial disparity between the parties, the ability of the parties to pay the fees, the ratio of the fees owed to assets owned, and other similar matters, none of which alone is dispositive. *In re Marriage of Williams*, 219 Ariz. 546, 550, ¶ 15 (App. 2008). The court has discretion to determine how much weight to give each of these factors. *Id.; see also Magee v. Magee*, 206 Ariz. 589, 592–93, ¶ 17 (App. 2004). However, "relative financial disparity between the parties is the benchmark for eligibility." *Magee*, 206 Ariz. at 593, ¶ 18. Accordingly, to qualify for consideration, the party seeking attorneys' fees must establish that he or she is "financially poorer than the other [party]." *Id.* at 591, ¶ 12.

¶7 In his pre-trial statement, Grandfather contends "there is no financial disparity [between the parties]," a position he maintains on appeal. Notwithstanding that contention, before denying both parties' requests for fees, the superior court made the following findings:

> [A] substantial disparity of financial resources [exists] between the parties. Grandmother did not file an affidavit of financial information but testified that she is not working. Based on later testimony from Grandmother, the Court does not find this testimony credible. Nonetheless, the Court finds that Grandfather's salary as a doctor of $431,655 in 2018 is almost certainly far in excess of whatever Grandmother is capable of earning. Because of the disparity, Grandfather has considerably more resources available to contribute towards attorneys' fees and costs.

¶8 Grandfather argues the court's finding of financial disparity was not supported by credible evidence and was based solely on speculation noting the court lacked an affidavit of financial information for Grandmother and contending that the court did not find Grandmother's testimony regarding her employment credible. Of note, the court did not award Grandmother her requested attorneys' fees. Grandfather has made no suggestion, however, at trial or on appeal, that he has fewer financial resources than Grandmother.

¶9 The "fee-shifting provisions of A.R.S. § 25-324 are intended to '[e]nsure that the poorer party has the proper means to litigate the action.'" *Quijada*, 246 Ariz. at 222, ¶ 17 (quoting *Garrett v. Garrett*, 140 Ariz. 564, 569–70 (App. 1983)); *see also Edsall v. Superior Court In & For Pima Cty.*, 143 Ariz. 240, 249 (App. 1984) (noting that § 25-324 was designed to assure the poorer party a remedy). And, as noted, *supra* ¶ 6, to qualify for consideration under § 25-324, Grandfather must establish that he is financially poorer than Grandmother. *See Magee*, 206 Ariz. at 591, ¶ 12. Where a party requesting an award under § 25-324 fails to establish that he is the poorer party, as Grandfather has failed to do, or even allege, the court does not abuse its discretion in denying a request for attorneys' fees and costs.

## II.  *Reasonableness of Positions Throughout Litigation*

¶10 Grandfather also contends the superior court abused its discretion when it found Grandmother's positions to be reasonable. Section 25-324 directs the court to consider the "reasonableness of the positions each party has taken throughout the proceedings" and to evaluate "the propriety of a litigant's legal position . . . by an objective standard of reasonableness." *In re Marriage of Williams*, 219 Ariz. at 548, ¶¶ 9–10. If the court finds a party has acted unreasonably in the litigation, it *may*, but is not required to, award attorneys' fees and costs to the other party. *See* § 25-324.

¶11 Here, the superior court found:

> [N]either party acted unreasonably in the litigation. For example, as a threshold matter, Grandfather could have but did not seek to intervene in the juvenile court litigation to obtain visitation. Grandfather's position, therefore, that this litigation was necessary solely because of Grandmother's actions is without merit. Additionally, after the temporary orders, Grandmother did allow visitation even though she herself refused to deal with Grandfather directly. The Court

does not find that this, on its own, constitutes unreasonable behavior such that an award of attorney's fees is warranted. Grandfather's behavior likewise was not unreasonable and therefore does not support an award of attorney's fees.

¶12 Grandfather contends the court erred in concluding he "could have . . . intervene[d] in the juvenile court litigation to obtain visitation." Whether Grandfather could have used the dependency proceedings to request visitation, however, has no bearing on the reasonableness of Grandmother's actions. Grandfather further contends that Grandmother's refusal to allow visitation was baseless. However, Grandfather had no legal right to visitation of his grandchild before the court's grant of temporary orders. *See* A.R.S. § 25-409. Upon appointment as the grandchild's guardian, Grandmother had the powers and responsibilities of a custodial parent, including the right to permit or refuse visitation. *See* A.R.S. §§ 8-871(D); 14-5209. And, although she refused to personally participate in exchanges of the grandchild or communicate directly with Grandfather once visitation orders were issued, Grandmother, nevertheless, complied with the court's orders.

¶13 Grandfather has failed to show any error in the superior court's conclusion that Grandmother acted reasonably despite her failure to attend a resolution management conference and status conference, filing her pretrial statements and exhibits the day before the respective hearings, filing a motion to dismiss which was denied, and allegedly evading service setting trial for the underlying action. Competent evidence supports the court's findings, and its conclusions are within the court's discretion. *See Quijada*, 246 Ariz. at 221–22, ¶ 13.

¶14 Finally, Grandfather's assertion that Grandmother's failure to file a financial affidavit is *ipso facto* evidence that she acted unreasonably is not supported by the cases he relies upon. In *Thomas v. Thomas*, 142 Ariz. 386, 393 (App. 1984), a dissolution action in which wife was awarded spousal maintenance and attorneys' fees under § 25-324, this court affirmed the trial court's award of attorneys' fees finding that husband's behavior was unreasonable where he concealed marital property and income in an attempt to evade spousal maintenance and an equitable division of the assets. *See also Mori v. Mori*, 124 Ariz. 193, 199 (1979) (holding the amount of the trial court's award of attorneys' fees was proper where lengthy discovery was required to locate husband's assets to ensure adequate spousal maintenance and division the parties' property); *see also Kosidlo v. Kosidlo*, 125 Ariz. 32, 34 (App. 1979) (affirming the amount of a trial court's award of attorneys' fees where the record demonstrated numerous hours

had been expended to ascertain the nature of concealed assets in a dissolution action involving the division of property and spousal maintenance). Contrary to Grandfather's assertion, these cases only support the proposition that, in a dissolution action involving the division of property or spousal maintenance, where one party conceals assets, thereby delaying the proceedings and obstructing justice, the other party *may* be entitled to fees. The court did not abuse its discretion in concluding Grandmother's actions were reasonable.

### III.     Request for Attorneys' Fees and Costs

**¶15**          Grandfather and Grandmother request their respective attorneys' fees and costs incurred on appeal pursuant to § 25-324. Having considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal, in our discretion, we deny both parties' requests.

**¶16**          Grandmother also requests attorneys' fees pursuant to A.R.S. § 12-349(A)(1), (3) for Grandfather's "unreasonable positions taken [on] appeal" which Grandmother alleges were "without substantial justification and unreasonably delayed or expanded the proceeding." We conclude Grandfather's arguments on appeal lack substantial justification and unreasonably expanded the proceeding. In our discretion, we award Grandmother her reasonable attorneys' fees incurred on appeal, contingent upon compliance with ARCAP 21.

### CONCLUSION

**¶17**          For the foregoing reasons, we affirm. As the prevailing party, Grandmother may recover her costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:   AA