NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

KENNETH A. BRUMLEY, *Petitioner/Appellee*,

*v.*

RACHAEL A. BRUMLEY, *Respondent/Appellant*.

No. 1 CA-CV 17-0498 FC
FILED 5-15-2018

Appeal from the Superior Court in Maricopa County
No. FC2015-054412
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

COUNSEL

The Harrian Law Firm, P.L.C., Glendale
By Daniel Seth Riley
*Counsel for Petitioner/Appellee*

Blumberg & Associates, Phoenix
By Bruce E. Blumberg
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

---

**C R U Z**, Presiding Judge:

¶1          Rachael A. Brumley ("Mother") appeals the portions of the superior court's decree of dissolution of marriage ("Decree") awarding Kenneth A. Brumley ("Father") joint legal decision-making authority regarding their minor child, J.B., born July 2015, parenting time, and a corresponding adjustment of child support orders.  Mother also appeals the court's award of attorneys' fees and costs to Father.  For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2          Mother and Father married in 2010.[1]  In October 2015, Mother obtained an order of protection against Father.  Later that month, Father filed for divorce seeking joint legal decision-making authority and parenting time of J.B.  Mother responded, requesting sole legal decision-making authority with Father having supervised parenting time due to Father's "history of domestic violence."

¶3          At the contested order of protection hearing, Mother alleged three incidents of domestic violence, all verbal altercations occurring prior to J.B.'s birth.  In one altercation, Father "shoved" a laptop computer off a counter onto the ground.  In the second, while Mother was pregnant with J.B., Father threw a coffee mug at the parties' bedroom door and, according to Mother, "pressed onto her stomach" during the argument.  And in the third incident, two of the children were bickering and Father yelled at Mother's oldest daughter, imploring her to stop engaging.[2]  Without

---

[1]      When the parties married, Mother had two daughters from a previous marriage and Father had one son from a previous relationship.

[2]      The court, after hearing Father's testimony and listening to Mother's recording of this altercation, noted that Mother's teenage daughter was "on the borderline of being incorrigible [and] delinquent[.]"  At trial, Mother

making any findings specifically regarding the need for protection of J.B., the superior court affirmed the order in all respects, including the listing of J.B. as a protected person.

¶4           In March 2016, the superior court ordered a court appointed advisor ("CAA") to interview and investigate Mother, Father, and the older children, visit the parents' homes, and submit a report of her findings. After conducting her evaluation, the CAA concluded that when Father feels "disrespected, demeaned or insignificant[,]" he responds by "yelling, verbally attacking, and throwing and breaking things." At Mother's request, the court appointed Dr. Daniel Christiano after the CAA recommended Father undergo a psychiatric evaluation. The court additionally ordered Father to submit to random alcohol testing, addressing Mother's allegation that Father had a history of alcohol abuse.

¶5           Dr. Christiano submitted his psychological evaluation in October 2016. In the evaluation he recommended Father complete "developmentally appropriate parenting classes" and continue therapy. He also noted the results from Father's random alcohol testing, which were all negative and separately filed with the superior court. Dr. Christiano concluded that Father's "relationship with each of his sons should be encouraged since he is highly motivated to be an excellent father, who follows through with improving his own skills." After reviewing Dr. Christiano's evaluation, the CAA recommended that Father be reintroduced to J.B. through supervised visits, then transition to unsupervised parenting time.

¶6           Mother's order of protection expired, and the superior court held a temporary orders hearing in November 2016. The court found a history of domestic violence and granted Father temporary weekly supervised visits, to be professionally supervised at least once every other week. The court additionally ordered Father to participate in twelve hours of parenting classes, along with individual counseling.

¶7           During the six months prior to trial, Father began supervised parenting time with J.B. Father also completed eighteen hours of parenting classes, continued his counseling with Mr. Post, a master's level licensed counselor, and attended therapy with Dr. Tyler Davis. Neither Mr. Post or Dr. Davis recommended Father continue supervised parenting time. Mr.

admitted her daughter's behavior during the incident was disrespectful and inappropriate.

Post noted there was "no evidence that [Father] is a danger to himself or others" and is "responsive to therapeutic anger management strategies and psychoeducation regarding coping mechanisms."  Dr. Davis concluded in April 2017,

> [Father] has been successful in working toward his identified treatment goals and he has shown consistent emotion-regulation skills and has implemented effective coping strategies.  At this time, there appears to be no current evidence of anger management issues present in [Father].  He has appeared to show successful completion of . . . treatment goals.  [Father] does not appear to require mandated counseling for these issues at this time.

**¶8**        At trial, both parties testified about the three events alleged in Mother's request for order of protection.  Father further testified to a separate incident wherein Mother became "enraged" and threw a bottle through a glass window, which Mother admitted.  The court allowed testimony and evidence that Father committed misdemeanor harassment against his ex-wife twelve years earlier.  Father described his visits with J.B. as "phenomenal" and testified the two had bonded and J.B. is comfortable around him.

**¶9**        The superior court listened to Mother's recordings which captured two of the three verbal altercations previously disclosed.  She additionally alleged three undisclosed incidents involving physical abuse, and admitted to her own arguing, yelling, and fighting with Father and the children.  It was Mother's testimony that it was not appropriate for Father to share in legal decision-making authority of J.B., and that Father should have indefinite supervised parenting time.

**¶10**        The superior court also heard testimony from the CAA and admitted her evaluations, which contained interviews with Father, Mother, and her two daughters.  Finally, the court admitted the reports from Dr. Christiano, Dr. Davis, Mr. Post, and the parenting supervisors.

**¶11**        The superior court took the matter under advisement and entered the Decree in June 2017.  After considering the factors in Arizona Revised Statutes ("A.R.S.") §§ 25-403, -403.01(B), and -403.03, concerning the best interests of the child, legal decision-making authority, and domestic violence, respectively, the court awarded Father joint legal decision-making authority and equal unsupervised parenting time.  The

court also ordered Mother to pay a portion of Father's attorneys' fees and costs of prior parenting time supervision and Dr. Christiano's evaluation.

¶12 We have jurisdiction over Mother's timely appeal pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶13 This court "view[s] the evidence in the light most favorable to supporting the decision below[.]" *Cooper v. Cooper*, 167 Ariz. 482, 487 (App. 1990) (citation omitted). We will not set aside findings of fact unless they are clearly erroneous. Ariz. R. Fam. Law P. 82(A). "A finding of fact cannot be 'clearly erroneous' if there is substantial evidence to support it, even though there might be substantial conflicting evidence." *Moore v. Title Ins. Co. of Minn.*, 148 Ariz. 408, 413 (App. 1985) (citation omitted). We also defer to the superior court's credibility determinations and the weight to give conflicting evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998); Ariz. R. Fam. Law P. 82(A). We will not reweigh conflicting evidence, and although conflicting evidence may exist, we will affirm if substantial evidence supports the court's decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

I.    Domestic Violence

¶14 Mother contends that there is a "plethora" of evidence related to Father's domestic violence which the superior court failed to consider in granting Father joint legal decision-making authority and equal unsupervised parenting time of J.B.

¶15 "On appeal, we will not disturb the family court's custody or parenting time orders absent an abuse of discretion." *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). A court abuses its discretion when it commits an error of law in reaching a discretionary decision, reaches a conclusion without considering the evidence, commits another substantial error of law, or makes a finding lacking substantial evidentiary support. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007).

¶16 When assessing a child's best interests for the purposes of a custody determination, A.R.S. § 25-403(A)(8) requires the superior court to consider whether there has been domestic violence as defined by A.R.S. § 25-403.03(C). If a court determines domestic violence has occurred under section 25-403.03(C), the court must then separately determine whether there exists "*significant* domestic violence" or a "*significant* history of domestic violence." A.R.S. § 25-403.03(A) (emphasis added). If so, the court

shall not award joint legal decision-making authority to the offending parent. *Id.*; *see also Hurd*, 223 Ariz. at 51, ¶ 12.

¶17 When the superior court does not find the existence of significant domestic violence, Arizona law creates a rebuttable presumption that sole or joint legal decision-making authority by a parent who has committed an act of domestic violence is contrary to the child's best interests. A.R.S. § 25-403.03(D). In determining whether a parent has rebutted this presumption, and thus may be granted legal decision-making authority, the court considers the factors set forth in A.R.S. § 25-403.03(E). Finally, "[i]n a contested legal decision-making or parenting time case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B).

¶18 Here, the superior court entered detailed findings as to each applicable factor listed in A.R.S. §§ 25-403, -403.01(B), and -403.03, after considering "the evidence, including the demeanor of the witnesses, . . . the exhibits as well as the case history, and . . . the parties' arguments" before it. After determining that Father committed acts of domestic violence against Mother, it found the domestic violence was not significant, that Father rebutted the presumption in A.R.S. § 25-403.03(D), and that it was in J.B.'s best interests that the parents share parenting time and legal decision-making authority.

¶19 Mother correctly observes that the superior court's findings do not specifically reference each piece of evidence admitted below. However, the absence of that evidence does not establish, as Mother argues, that the court failed to consider it. Rather, it demonstrates that the court did not find certain evidence and testimony credible, and weighed it accordingly. As noted above, we defer to the superior court's weight and credibility determinations, looking only to ascertain if there is sufficient evidence to sustain the court's rulings. *Gutierrez*, 193 Ariz. at 347, ¶ 13; *Hurd*, 223 Ariz. at 52, ¶ 16.

¶20 The superior court, in considering whether Father's domestic violence was "significant," defined "significance" as "a product of three factors: (1) the seriousness of the particular incident of domestic violence, (2) the frequency or pervasiveness of the domestic violence, and (3) the passage of time and its impact." The incidents, although not condoned by the court, were limited to verbal altercations with some personal property damage. The incidents occurred prior to J.B.'s birth and several months

prior to Mother seeking the order of protection; Father's misdemeanor harassment conviction occurred approximately twelve years prior.

**¶21**        Multiple professionals were involved throughout the proceedings; however, none indicated J.B. was in danger around Father.  In fact, Father's testimony and the supervised visitation reports demonstrated that Father's interactions with J.B. were positive and nurturing.  Father completed age-appropriate parenting classes and professional counseling to address his anger issues.  Father complied with the court's order to submit to random alcohol tests, each of which was negative.  Finally, there was no evidence indicating Father had engaged in further acts of domestic violence.

**¶22**        This evidence is sufficient to uphold the superior court's rulings.  Additionally, although the record contains contradictory evidence, Mother has not demonstrated that the superior court reached its conclusions without considering the evidence or made its findings without substantial support.

II.    Attorneys' Fees and Costs

**¶23**        Mother next argues that the superior court erred in awarding Father attorneys' fees because her position at trial was not unreasonable, as she had a duty to protect J.B. from Father.  Under A.R.S. § 25-324(A), a court may award attorneys' fees and costs for the expenses of maintaining or defending a proceeding based on either disparity of the parties' financial resources or reasonableness of their positions during the litigation.  A.R.S. § 25-324(A); *Maggee v. Maggee*, 206 Ariz. 589, 591 n.1, ¶ 8 (App. 2004).  We review an award under section 25-324(A) for an abuse of discretion.  *Myrick v. Maloney*, 235 Ariz. 491, 493, ¶ 6 (App. 2014).

**¶24**        Here, the superior court awarded Father a portion of his attorneys' fees based on Mother's unreasonable position regarding parenting time.  Although Mother has a duty to protect her children from domestic violence, *see Linda V. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 76, 79, ¶ 14 (App. 2005), she offered no evidence below that *J.B.* was a victim or in danger.  In fact, the order of protection Mother obtained against Father included J.B. as a protected person, but Mother did not allege any facts in her petition supporting the need to protect J.B. from Father; nor was there any testimony introduced in that regard at the contested order of protection

hearing. Still, over Father's objection[3], J.B. was listed as a protected person on the order and deprived of all contact with Father for well over a year. Further, "[d]espite direct evidence from licensed professionals, and despite an established history of supervised parenting time without incident," the court found that "Mother has continued to not even consider allowing Father unsupervised parenting time." The record supports the court's findings, as discussed *supra* ¶¶ 7, 9, 21. Accordingly, the superior court did not err in awarding Father a portion of his fees based on Mother's unreasonable positions during the litigation.

¶25 As to professional costs, the superior court ordered Mother to reimburse Father for half of the professional parenting supervision costs and be solely responsible for Dr. Christiano's fees. Mother argues that these orders are "an extension of the punishment the [superior] court sought to impose in the fee award," and should be reversed. We disagree. In this regard, the court found that

> Mother has continually made allegations that have clearly increased the length and cost of [the] proceedings. For example, Father was ordered to submit to random and continued alcohol screening, which resulted in only negative tests. Father has had to undergo a psychological evaluation, which did not provide the [c]ourt with any significant information that would indicate that Father's relationship with [J.B.] should be limited . . . [o]ther [c]ourt ordered counseling has provided the [c]ourt with expert assessments that indicated that Father does not need such services.

¶26 The record supports these findings, *see supra* ¶¶ 4, 5, 7, and the superior court did not abuse its discretion in ordering Mother to share in the professional fees incurred at her request and in furtherance of the litigation.

¶27 Finally, Father requests attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324(A) and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21. In the exercise of our discretion, we deny Father's request under section 25-324(A); however, as the prevailing party on appeal, Father is entitled to an award of costs.

---

[3] In his October 2015 request for hearing Father expressed his objection over the inclusion of J.B. in the order of protection.

**CONCLUSION**

¶28       For the foregoing reasons, we affirm the superior court's decree and award of attorneys' fees and costs, and Father is awarded costs on appeal upon compliance with ARCAP 21.

